*332 OPINION.
Sternhagen:
The Commissioner readjusted the petitioner’s deduction for depreciation, reducing it from $55,412.82 taken on the return, to $19,698.09. The Commissioner’s computation is based on an assumed remaining useful life of five years on all equipment acquired secondhand and an assumed useful life of seven and one-half years on all equipment acquired new. The petitioner assails this determination as arbitrary and, therefore, to be set aside. But it is not arbitrary—rather may it be called formulaic—and he who attacks it must do so with something shown to be more consonant with fact and experience. An estimate of a superintendent is not enough until it is fortified by evidence of actual performance to show that in fact the estimate has in the past been in conformity with experience. Washburn Wire Co. v. Commissioner, 67 Fed. (2d) 658. In Cleveland Home Brewing Co., 1 B. T. A. 87, where the Commissioner sought to readjust invested capital by the use of an arbitrary straight line basis of depreciation shown to be inconsistent with 11 years of experience, his determination was rejected as arbitrary.
In this proceeding, however, it can not be said from the evidence that the Commissioner’s method is arbitrary or reaches an unreasonable allowance for the year in question. It is shown only that the result is at variance with the judgment of petitioner’s superintendent. Respectable as that judgment may be—and the witness appeared to be well qualified to form a useful judgment—it is still no more than a judgment and an estimate based upon a different method rather than upon evidence of actual performance. Apparently in 1932 estimates were principally based on prophecy, and in subsequent years retirements were not made in accordance with the prophecy. This is- not enough to overthrow the Commissioner’s determination.
There is no need here to say whether the petitioner’s mileage depreciation on trucks is proper. It may be assumed that when petitioner’s experience is sufficient to demonstrate its conformity to actual performance it will not be lightly or arbitrarily disapproved. But the demonstration is lacking in this record.
The Commissioner has used two composite rates on a variety of equipment; and in such a situation the Board has said in Union Co., 14 B. T. A. 1310, 1313:
In attacking a composite rate of depreciation it is not sufficient that the petitioner may be able to pick out certain parts and prove that if such parts were *333 considered separately a greater depreciation rate should be allowed. The composite rate is based upon an average life for all of the parts and until error in the average is shown there is no basis upon which it can be said that the amount allowed is not reasonable.

Judgment will be entered under Rule 50.